# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO
### Judge Robert E. Blackburn

Civil Action No. 17-cv-01118-REB

ARTHUR B. ELLSWORTH,

     Plaintiff,

v.

NANCY BERRYHILL, Deputy Commissioner for Operations, performing the duties and functions not reserved to the Commissioner of Social Security,[1]

     Defendant.

---

## ORDER AFFIRMING DEPUTY COMMISSIONER

---

**Blackburn, J.**

     The matter before me is plaintiff's **Complaint** [#1],[2] filed May 5, 2017, seeking review of the Deputy Commissioner's decision denying plaintiff's claims for child's disability insurance benefits and supplemental security income benefits under Titles II and XVI of the Social Security Act, 42 U.S.C. § 401, *et seq.*  I have jurisdiction to review the Deputy Commissioner's final decision under 42 U.S.C. § 405(g).  The matter has been fully briefed, obviating the need for oral argument.  I affirm.

---

    [1]  On March 6, 2018, the Government Accountability Office determined that Nancy Berryhill's continuing status as Acting Deputy Commissioner of Social Security violated the Federal Vacancies Reform Act, and therefore that she was not authorized to continue serving as Acting Deputy Commissioner after November 16.  Until such time as a successor is nominated and confirmed, Ms. Berryhill appears as the Deputy Deputy Commissioner of Operations for the agency.

    [2]  "[#1]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF).  I use this convention throughout this order.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff alleges that he is disabled as a result of attention deficit hyperactivity disorder ("ADHA"), anxiety, and a learning disorder. After his applications for child's disability insurance benefits and supplemental security income benefits were denied, plaintiff requested a hearing before an administrative law judge. This hearing was held on February 4, 2016. At the time of the hearing, plaintiff was 30 years old. He has a high school education and no past relevant work experience. He has not engaged in substantial gainful activity since January 1, 2007, his alleged date of onset.

The ALJ found plaintiff was not disabled and therefore not entitled to child's disability insurance benefits or supplemental security income benefits. Although the medical evidence established plaintiff suffered from severe impairments, the judge found the severity of those impairments did not meet or equal any impairment listed in the social security regulations. Other impairments, in particular ADHD, were found non-severe. The ALJ determined plaintiff had the residual functional capacity to perform a full range of unskilled work at all exertional levels with certain non-exertional limitations. Plaintiff had no past relevant work, but the ALJ found there were other jobs existing in substantial numbers in the national and local economies he could perform. He therefore found plaintiff not disabled at step five of the sequential evaluation.[3] Plaintiff appealed this decision to the Appeals Council. The Council affirmed. Plaintiff then filed this action in federal court.

---

[3] The ALJ did not cite to or rely on the three-step sequential evaluation employed in child disability benefits cases, **see** 20 C.F.R. § 416.924(b)-(d), but rather addressed the evidence in the context of the standard five-step evaluation rubric used in disability insurance benefits and supplemental security income benefits cases. Because neither party claims error in this regard, however, I do not address the issue further.

## II.  STANDARD OF REVIEW

A person is disabled within the meaning of the Social Security Act only if his physical and/or mental impairments preclude him from performing both his previous work and any other "substantial gainful work which exists in the national economy."  42 U.S.C. § 423(d)(2).  "When a claimant has one or more severe impairments the Social Security [Act] requires the [Commissioner] to consider the combined effects of the impairments in making a disability determination."  ***Campbell v. Bowen***, 822 F.2d 1518, 1521 (10th Cir. 1987) (citing 42 U.S.C. § 423(d)(2)(C)).  However, the mere existence of a severe impairment or combination of impairments does not require a finding that an individual is disabled within the meaning of the Social Security Act.  To be disabling, the claimant's condition must be so functionally limiting as to preclude any substantial gainful activity for at least twelve consecutive months.  ***See Kelley v. Chater,*** 62 F.3d 335, 338 (10th Cir. 1995).

The Deputy Commissioner has established a quinquepartite sequential evaluation process for determining whether a claimant is disabled:

> 1.  The ALJ must first ascertain whether the claimant is engaged in substantial gainful activity. A claimant who is working is not disabled regardless of the medical findings.
>
> 2.  The ALJ  must then determine whether the claimed impairment is "severe."  A "severe impairment" must significantly limit the claimant's physical or mental ability to do basic work activities.
>
> 3.  The ALJ must then determine if the impairment meets or equals in severity certain impairments described in Appendix 1 of the regulations.
>
> 4.  If the claimant's impairment does not meet or equal a listed impairment, the ALJ must determine whether the claimant can perform her past work despite any limitations.

5. If the claimant does not have the residual functional capacity to perform her past work, the ALJ must decide whether the claimant can perform any other gainful and substantial work in the economy. This determination is made on the basis of the claimant's age, education, work experience, and residual functional capacity.

20 C.F.R. § 416.920(a)(4)(i)-(v). *See also Williams v. Bowen* 844 F.2d 748, 750-52 (10th Cir. 1988). The claimant has the initial burden of establishing a disability in the first four steps of this analysis. *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5, 107 S.Ct. 2287, 2294 n.5, 96 L.Ed.2d 119 (1987). The burden then shifts to the Deputy Commissioner to show the claimant is capable of performing work in the national economy. *Id.* A finding that the claimant is disabled or not disabled at any point in the five-step review is conclusive and terminates the analysis. *Casias v. Secretary of Health & Human Services*, 933 F.2d 799, 801 (10th Cir. 1991).

Review of the Deputy Commissioner's disability decision is limited to determining whether the ALJ applied the correct legal standard and whether the decision is supported by substantial evidence. *Hamilton v. Secretary of Health and Human Services*, 961 F.2d 1495, 1497-98 (10th Cir. 1992); *Brown v. Sullivan*, 912 F.2d 1194, 1196 (10th Cir. 1990). Substantial evidence is evidence a reasonable mind would accept as adequate to support a conclusion. *Brown*, 912 F.2d at 1196. It requires more than a scintilla but less than a preponderance of the evidence. *Hedstrom v. Sullivan*, 783 F.Supp. 553, 556 (D. Colo. 1992). "Evidence is not substantial if it is overwhelmed by other evidence in the record or constitutes mere conclusion." *Musgrave v. Sullivan*, 966 F.2d 1371, 1374 (10th Cir. 1992). Further, "if the ALJ failed to apply the correct legal test, there is a ground for reversal apart from a lack of

substantial evidence." ***Thompson v. Sullivan***, 987 F.2d 1482, 1487 (10th Cir. 1993). Although a reviewing court should meticulously examine the record, it may not reweigh the evidence or substitute its discretion for that of the Deputy Commissioner. ***Id.***

### III. LEGAL ANALYSIS

By this appeal, plaintiff maintains the ALJ erred weighing the opinions of a consultative psychological examiner, Dr. Fredrick Malmstrom, and the non-examining state agency physician, Dr. Anthony Gottlieb. Finding no such error in the ALJ's treatment of these medical source opinions, I affirm.

Dr. Malmstrom examined plaintiff at the request of the Deputy Commissioner in June 2014. Plaintiff reported he was diagnosed with ADHD as a child and said he took Ritalin for several years in elementary school. (Tr. 356.) Dr. Malmstrom noted plaintiff's scores on the Wechsler Adult Intelligence Scale – Fourth Edition test indicated "a wide scatter of abilities, most likely attributable to [ADHD]." (Tr. 358.) He also found plaintiff to have "elevated symptoms of anxiety most likely attributable to long-standing problems with ADHD." (Tr. 358.) Ultimately, Dr. Malmstrom concluded plaintiff was "capable of following 1 and 2-step simple instructions" but not complex instructions and cooperating with supervisors and coworkers, but was unable "to sustain concentration and persist in work-related activity at a normal pace." (Tr. 359.)

The ALJ afforded this opinion "some weight," but declined to adopt Dr. Malmstrom's opinion that plaintiff was unable to sustain concentration or persist in work-related activity at a normal pace. He noted the medical evidence post-dating Dr. Malmstrom's examination showed plaintiff's anxiety was well-controlled on medication. (Tr. 26.) He substantiated that rationale by citation to the medical record. (***See*** Tr. 26 (citing Tr.369-371, 411, 420, 423, 430).) The record also contains substantial additional

evidence not cited by the ALJ which supports the conclusion that plaintiff's symptoms improved after the date of Dr. Malmstrom's examination. (***See, e.g.***, Tr. 395, 399, 402, 407, 415.)

Nevertheless, plaintiff alleges error, arguing his deficits in concentration and persistence are not plainly related to anxiety but rather are attributable to ADHD, such that an improvement in his anxiety does not necessarily translate into greater abilities to concentrate on or persist at tasks.  There are at least two problems with this argument.  First, the ALJ's apparent equivalence between a reduction in plaintiff's anxiety symptoms and his ability to better maintain concentration, persistence, and pace is supported by Dr. Malmstrom's opinion itself.  Dr. Malmstrom stated expressly that plaintiff's "elevated symptoms of anxiety [were] most likely attributable to long-standing problems with ADHD."  (Tr. 358.)  The ALJ's opinion in this regard therefore is grounded appropriately in the record.

Second, and more importantly, plaintiff neglects to mention the ALJ's step two determination that ADHD did not constitute a severe impairment, a determination plaintiff does not challenge in this appeal.  (Tr. 21.)  Although plaintiff reported to two consultative examiners that he had be diagnosed with ADHD as a child (***see*** Tr. 355, 364), there are no records reflecting this diagnosis or documenting any treatment plaintiff may have received for it.  Nor, as the ALJ noted, did the record indicate plaintiff had reported "any persistent complaints or symptoms related to" ADHD to his current providers.  (Tr. 21.)  Because the mere fact of a diagnosis is insufficient to establish the existence of a severe impairment at step two of the sequential evaluation, there was no

error in the ALJ's rationale for not incorporating any limitation attributable to ADHD into his residual functional capacity assessment. *Hinkle v. Apfel*, 132 F.3d 1349, 1352 (10th Cir.1997); *Deegan v. Colvin*, 2013 WL 1827747 at *3 (D. Colo. Apr. 30, 2013).

Alternatively, plaintiff suggests the ALJ should have considered whether Dr. Malmstrom's opinion was valid as of the date it was offered in June 2014, potentially entitling plaintiff to a closed period of benefits. *See Shepherd v. Apfel*, 184 F.3d 1196, 1199 n.2 (10th Cir. 1999). If any error occurred in this respect, it was undoubtedly harmless. *Williams v. Chater*, 64 F.3d 670 (10th Cir. 1995) ("Procedural imperfection that does not affect a party's substantive rights is not a basis for reversal."); *Lumpkin v. Colvin*, 112 F.Supp.3d 1169, 1174 (D. Colo. 2015) ("[W]here [the] ALJ's opinion is otherwise amply supported by the record, error which does not prejudice [the] claimant will not warrant remand."). The ALJ's discussion of the evidence demonstrates plaintiff's anxiety was generally well-controlled on medication well prior to June 2014 as well. (Tr. 24-25.) *See Kelley v. Chater*, 62 F.3d 335 (10th Cir. 1995) (condition which can be controlled with medication is not disabling). In addition, the ALJ noted that plaintiff was either working or actively seeking employment during this alleged period of disability. (Tr. 23, 24.) *See Vigil v. Colvin*, 623 Fed. Appx. 936, 939 (10th Cir. Aug. 18, 2015); *Newbold v. Colvin*, 718 F.3d 1257, 1267 (10th Cir. 2013). An award for a closed period of benefits therefore would not be supported by the record before me in any event.

Relatedly, I find no error in the ALJ's determination to give "great weight" to the

opinion of the state agency physician.  (Tr. 26.)[4]  Plaintiff asserts the ALJ first found he

was capable of unskilled work and only then compared his own determination to Dr.

Gottlieb's identical conclusion.  Nothing in the ALJ's careful and thorough recitation of

the evidence supports such a construction of his opinion, which finds ample support in

the medical record, and indeed, dovetails also with Dr. Malmstrom's similar conclusion

that plaintiff could follow simple one- and two-step instructions.  (Tr. 359.)  To the extent

the ALJ tied these findings specifically to a significant decrease in plaintiff anxiety levels

reported in an April 2015 examination (Tr. 415) and his largely intact cognitive abilities

recorded in March 2014 (*see* Tr. 381), those records simply reinforce the same

observations which informed both Dr. Malmstrom's (Tr. 357, 359) and Dr. Gottlieb's

opinions (Tr. 53, 56, 58, 366).

Essentially, plaintiff's objection amounts to little more than an assertion that Dr.

Malmstrom's opinion was presumptively entitled to more weight than Dr. Gottlieb's.

*see* 20 C.F.R. § 416.927(c)(1); ***Jimenez v. Berryhill***, – F.3d –, 2018 WL 259310 at *5

(D. Colo. Jan. 2, 2018).  The ALJ's opinion in this case, however, is more than adequate

to overcome that presumption.  "State agency medical and psychological consultants

are highly qualified physicians and psychologists who are experts in the evaluation of

the medical issues in disability claims under the Act," and although their opinions

generally are entitled to less weight than those of treating and examining sources, "[i]n

appropriate circumstances, opinions from State agency medical and psychological

---

[4]  Dr. Gottlieb found plaintiff could perform work requiring little or no judgment, involving simple duties which could be learned in a short time.  (Tr. 67.)  Those abilities essentially correspond to the regulatory definition of unskilled work.  20 C.F.R. § 404.1568(a).

consultants and other program physicians and psychologists may be entitled to greater weight than the opinions of treating or examining sources." **Social Security Ruling** 96-6p, 1996 WL 374180 at *2, 3 (SSA July 2, 1996). ***See Birkle v. Colvin***, 82 F.Supp.3d 1308, 1313 (D. Colo. 2015). The ALJ's decision to do so in this case is well-supported and provides no basis warranting remand.

## IV. ORDERS

For these reasons, I find no reversible error in the ALJ's disability determination, which accordingly must be affirmed.

**THEREFORE IT IS ORDERED** that the conclusion of the Deputy Commissioner through the Administrative Law Judge that plaintiff was not disabled is affirmed.

Dated May 16, 2018, at Denver, Colorado.

BY THE COURT:

Bob Blackburn
Robert E. Blackburn
United States District Judge